**FILED**
U.S. District Court
District of Kansas
11/21/2025
Clerk, U.S. District Court
By_____ mv ____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                              **CASE NO.** 25-6255-01-BGS

**CHARLES E. COLBERT, JR.**

**Defendant.**

# CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true

and correct to the best of my knowledge and belief:

## COUNT 1

**POSSESSION OF COCAINE
WITH THE INTENT TO DISTRIBUTE
[21 U.S.C. § 841]**

On or about November 19, 2025, in the District of Kansas, the defendant

### CHARLES E. COLBERT, JR.,

did unlawfully, knowingly, and intentionally possess, with the intent to distribute a mixture

and substance containing a detectable amount of cocaine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 2

### POSSESSION OF FENTANYL
### WITH THE INTENT TO DISTRIBUTE
### [21 U.S.C. § 841]

On or about November 19, 2025, in the District of Kansas, the defendant

### CHARLES E. COLBERT, JR.,

did unlawfully, knowingly, and intentionally possess, with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

I further state that I am a Special Agent with the Drug Enforcement Administration (DEA), and that this Complaint is based on the following facts:

See accompanying Affidavit, which is incorporated by reference as though set out in full herein, and offered in support of a finding that probable cause exists to believe the defendant, CHARLES E. COLBERT, JR., committed the offense set forth in this Complaint.

Drake A. Kreifels
SA, DEA

2

Sworn to before me this 21st day of November 2025, at Wichita, Kansas.

After reviewing this Complaint and the accompanying Affidavit, there is probable cause to believe that defendant, CHARLES E. COLBERT JR., committed the offense set forth in this Complaint.


Brooks G. Severson

United States Magistrate Judge

Signature of Judicial Officer

# PENALTIES

**Counts 1 and 2:   21 U.S.C. §§  841(a)(1), (b)(1)(C)**
**[Possession of a Controlled Substance with the Intent to Distribute]**

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1 million.  21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of up to thirty (30) years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least six (6) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A

- Forfeiture.

**AFFIDAVIT IN SUPPORT OF COMPLAINT**

I, Drake A. Kreifels, a Special Agent of the Drug Enforcement Administration (DEA), being duly sworn, depose and state that:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am an investigative or law enforcement officer of the United States, with the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I have been a Special Agent with the DEA since October of 2023. I have received basic training in narcotics investigations at the Justice Training Center located in Quantico, Virginia.  I am currently assigned to the St. Louis Division – Wichita Resident Office (WRO) in Wichita, Kansas. Prior to my employment with DEA, I began my career in law enforcement employed as a police officer for the Wichita, Kansas Police Department in August of 2018.

3. As a Special Agent, I am an investigator or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests or, offences enumerated in Title 18, United States Code, Section 2516. Specifically as a DEA Special Agent, I am charged with the duty of enforcing Title 21 violations under the Controlled Substances Act. I attended the Drug Enforcement Administration academy located in Quantico, Virginia for approximately seventeen weeks. During my time at the academy, I received specialized training in Drug Identification, Undercover and Surveillance Practices, Confidential Source Management, Report Writing, as well as extensive legal training.

4.      During my time as a police officer, I have conducted and been a part of various narcotics investigations ranging from street level drug complaints to complex narcotics investigations targeting drug trafficking organizations. Through the course of these investigations, I have been the primary field investigator for over 100 illicit drug investigations. These drug investigations have resulted in the seizure of multiple drugs to include marijuana, cocaine, heroin, methamphetamine, K2, fentanyl, and various controlled narcotic pills as well as the seizure of various firearms and assets.

5.      During these investigations, I have participated in surveillance operations in plain clothes and unmarked vehicles, interviewing cooperating individuals, as well as obtaining and executing search warrants. In the more than 80 search warrants that I have been the affiant for, the search warrants included those for vehicles, residences, GPS devices, cellphone pings, commercial shipping parcels, Title 3 wiretaps, financial accounts, and cellphone internal data both at the State and Federal level. I have been a part of numerous search warrant executions which has included my participation in multiple roles during these executions. Also in my time as a police officer, I had the opportunity to testify in Municipal, State, and Federal courts.

6.      During my time as a DEA Special Agent, I have participated in numerous narcotics investigations. These investigations have resulted in the arrests of targets and the seizure of various narcotics and assets. During the course of these investigations, I have debriefed defendants, informants, and witnesses who had personal knowledge regarding these narcotics trafficking organizations. I have conducted physical surveillance, executed search warrants, served subpoenas, analyzed and evaluated evidence and information obtained from court authorized pen registers and trap and trace intercepts, telephone tolls, Title 3 wiretaps, and various financial documents.

2

7.      As a result of my training as a Special Agent, and overall law enforcement experiences thus far, I am familiar with the manner in which illegal drugs and bulk United States Currency are distributed and transported. Furthermore, I have investigated drug trafficking organizations responsible for violations of Title 21, United States Code, Section 841(a)(1). I am also part of an experienced team of narcotics investigators comprised of Special Agents and Task Force Officers that have participated in numerous drug trafficking investigations utilizing various investigative techniques.

8.      I am familiar with, and continue to become more familiar with, the methods in which large scale drug trafficking organizations attempt to thwart detection by law enforcement. These tactics include, but are not limited to, the use of cellular telephone technology, coded communications and conversations, false or fictitious identities and addresses, money laundering techniques, and counter surveillance techniques.

9.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

10.     Based upon the facts set forth in this affidavit, there is probable cause to believe violation of 21 U.S.C. § 841 (Possession with Intent to Distribute, or Distribution of, Controlled Substances).

## PROBABLE CAUSE

11.     The United States, including the DEA, is conducting a criminal investigation of Charles E. **COLBERT** Jr. regarding possible violation of 21 U.S.C. 841 (Possession with Intent to Distribute, or Distribution of, a Controlled Substances).

3

12. On November 19, 2025, Kansas Highway Patrol (KHP) Troopers Conner Rule and Jory Custar were parked stationary on US-54 near mile marker post 125 in Pratt County, Kansas, within the District of Kansas. At approximately 8:00 PM, Troopers Rule and Custar observed a black in color Cadillac CTS bearing Kansas license plate 6234ALH traveling east. As the vehicle passed by Troopers Rule and Custar, they could tell through their training and experience that the window tint on the vehicle appeared to be darker than the thirty-five (35) percent required by Kansas state law.

13. Once the vehicle passed by the troopers, the troopers began to follow the Cadillac in their patrol vehicle equipped with emergency lights and siren. Around mile post 126, Troopers Rule and Custar activated their emergency equipment and initiated a traffic stop on the Cadillac which resulted in the driver of the vehicle, later identified as Charles **COLBERT Jr**., pulling the vehicle to the right-hand shoulder. Once the Cadillac was stationary on the shoulder, Troopers Rule and Custar approached the Cadillac on the passenger side and explained to **COLBERT** the reason for the traffic stop.

14. While speaking with **COLBERT**, troopers learned **COLBERT** had no driver's license in his possession, though he identified himself to the troopers. Due in part to **COLBERT** having no driver's license in his possession, the troopers requested **COLBERT** exit the Cadillac and come back to their patrol vehicle. Upon this request, **COLBERT** disregarded the troopers' direction and immediately put the Cadillac back into drive and fled the scene of the traffic stop at a high rate of speed. Troopers subsequently began pursuing **COLBERT** in the Cadillac.

15. During the pursuit, **COLBERT** committed numerous moving violations in addition to reaching speeds well over one-hundred (100) miles per hour (mph) at times. At one point during the pursuit, **COLBERT** drove around stop sticks in the city of Pratt, though he

4

eventually hit a pair of deployed stop sticks which prompted the Cadillac to begin losing some of its tire components. Near the east side of the city of Pratt, the Cadillac entered the south ditch of the roadway and came to a rest. Once the Cadillac was stopped, **COLBERT** and three (3) additional occupants surrendered and were taken into custody.

16.    During an inventory search of the Cadillac prior to the vehicle being impounded, troopers located a white powdery brick shaped object in the trunk of the vehicle within a duffle bag. The brick was wrapped in multiple plastic sacks. The white powdery substance would later test positive for the presence of cocaine during a preliminary field test. The brick weighed approximately 1,040 grams.

17.    Contained in the same duffle back within the trunk of the Cadillac, troopers located an additional white chalky powder wrapped within multiple plastic sacks. The chalky powder later tested positive for the presence of fentanyl during a preliminary field test. The chalky powder weighed approximately 810 grams. Additionally, troopers located a glass jar in the trunk of the vehicle which contained a green botanical substance weighing approximately one (1) ounce, which was consistent with marijuana. Your affiant recognized the quantities of the fentanyl and cocaine located by troopers within the Cadillac to be consistent with distribution. Further, your affiant recognized the quantity of marijuana located by the troopers within the Cadillac to be consistent with personal use. Trooper Rule confirmed the window tint on the Cadillac was twenty-one (21) percent.

18.    Your affiant completed a custodial interview with **COLBERT** following an advisement of his Miranda Rights, which he waived. **COLBERT** reported he fled the scene of the traffic stop due to the fact that he did not have a valid driver's license in addition to currently

5

being on probation through the City of Bel Aire, Kansas and Butler County, Kansas. **COLBERT** denied having knowledge of the drugs being within the Cadillac.

19.    Investigators completed a post Miranda interview with **COLBERT**'s girlfriend, Va'necia Manuel-Stiles, who was a backseat passenger within the Cadillac at the time of the traffic stop. Manuel-Stiles reported the group within the Cadillac was returning to Wichita from Phoenix, Arizona after having obtained bulk narcotics from the Phoenix area. Manuel-Stiles reported the trip was in part coordinated by **COLBERT** among other members of a drug trafficking organization.

20.    **COLBERT** was booked into the Pratt County jail for the distribution of a stimulant, distribution of an opiate, felony flee and elude, no drug tax stamp, use communication facility in the commission of a felony, conspiracy, driving while suspended, illegal window tint, possession of marijuana, and driving while suspended. **COLBERT** was also booked for a felony pickup order issued by the Wichita Police Department stemming from a prior shooting investigation which had occurred in Wichita several months prior. A forty-eight (48) hour federal hold was also placed on **COLBERT** by the DEA reference the traffic stop. **COLBERT** remains in the custody of the Pratt county jail reference these charges.

Respectfully submitted,

Drake A. Kreifels
Special Agent
Drug Enforcement Administration

6

Subscribed and sworn to me via Zoom on November __21__, 2025

_____
HONORABLE BROOKS G. SEVERSON
UNITED STATES MAGISTRATE JUDGE